IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

CECIL R. SOCKWELL,                    )
                                      )
        Plaintiff,                    )
                                      )
    vs.                               )          NO. CIV-07-357-D
                                      )
MICHAEL J. ASTRUE, Commissioner,      )
  Social Security Administration,     )
                                      )
        Defendant.                    )

ORDER

     Plaintiff brought this action pursuant to 42 U.S.C. §405(g) for review of the decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability benefits.  The matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings in accordance with 28 U.S.C. §636 (b)(1)(B).  The parties fully briefed their respective positions and, on December 14, 2007, the Magistrate Judge filed his Report and Recommendation [Doc. No. 21] in which he recommended that the decision of the Commissioner be affirmed. Because Plaintiff timely objected to the recommendation, the matter is reviewed *de novo*.

     The undersigned has reviewed the record submitted by the parties as well as the briefs filed herein.  The Report and Recommendation sets forth in detail the chronology related to the Defendant's consideration of Plaintiff's claims, Plaintiff's medical and psychological records and history.  The Report and Recommendation also explains the legal standards governing this Court's review of the Defendant's decision.  In objecting to the Report and Recommendation, plaintiff does not dispute the accuracy of the facts discussed or the legal standards governing this matter.  Instead, he argues that the Magistrate Judge failed to adequately consider Plaintiff's contentions that the

Administrative Law Judge ("ALJ") erred because he failed to obtain the testimony of a vocational expert at the hearing on Plaintiff's claim.  Plaintiff also argues that  the Magistrate Judge erroneously determined that the ALJ was correct in  applying  the Medical-Vocational Guidelines (the "grids"), arguing that use of the grids in this case was improper.    These arguments were asserted by Plaintiff in his initial brief.

It is well established that a federal  court may not reweigh the evidence or substitute its judgment for that of the Commissioner in its review of the decision; rather, it must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record.  Washington v. Shalala, 37 F.3d 1437, 1439-40 (10th Cir. 1994); Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is that which a reasonable person might deem adequate to support the ultimate conclusion.  Castellano, 26 F.3d at 1028.  Evidence is not substantial for this purpose if it is "overwhelmed by other evidence in the record or constitutes mere conclusion."  Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992).

The Court disagrees with Plaintiff's characterization of the Magistrate Judge's evaluation of the issues regarding the application of the grids and the absence of testimony from a vocational expert.  The Report and Recommendation contains a discussion of both the legal standards regarding the proper use of the grids and the application of those standards to the facts of this case. The Magistrate Judge discussed in detail the limits on the use of the grids and noted that the ALJ may not rely conclusively on the grids unless he concludes that "the claimant has no significant nonexertional impairment." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993).  However, "[t]he mere presence of a nonexertional impairment does *not* preclude reliance on the grids."  *Id.*

(emphasis added).    As the Magistrate Judge pointed out, reliance on the grids at step five of the sequential analysis[1] of a claim is proper where there is substantial evidence to support the ALJ's findings that:  (1)  the claimant has no significant nonexertional impairment, (2) the clamant can do the full range of work at some residual functional capacity ("RFC") level on a daily basis, and (3) the claimant can perform most of the jobs in that RFC level.  *Thompson*, 987 F.2d at 1488.

In this case, the Magistrate Judge reviewed in detail the evidence regarding Plaintiff's medical complaints as well as his claims of nonexertional limitations based on pain and depression. The record reflects that the ALJ's decision also includes an extensive discussion of the records related to Plaintiff's claimed impairments.    The Magistrate Judge carefully and accurately discussed this evidence in detail at pages 6 through 12 of the Report and Recommendation; that discussion is incorporated herein.  The record reflects that complete and full consideration was given to Plaintiff's medical complaints as well as his nonexertional complaints of depression, pain, and alcohol and substance abuse.    The record supports the Magistrate Judge's conclusion that the ALJ did not err in his evaluation.

As the Magistrate Judge also noted, the ALJ considered Plaintiff's claim that his VA disability rating supports his claim for Social Security disability benefits.    The VA disability rating is, of course, not binding on the Social Security Administration, but must be considered by the ALJ in reaching his conclusion.  20 C. F. R.  § 404.1504; *Grogan* 399 F.3d at 1262.  As the Magistrate Judge pointed out, the ALJ in this case discussed Plaintiff's VA disability rating, and concluded that it was not persuasive, as the RFC finding regarding Plaintiff's ability to perform light and sedentary work was consistent with the assessment of RFC assigned by the state agency medical consultants.

---

[1]*The five-step sequential analysis for evaluating a disability claim is set forth in  20 C. F. R.  § 404.1520(b)-(f)(2007); see also Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005).*

That assessment is reflected in the record, which reflects that the restrictions noted by the state agency consultants were within the limitations described in the Social Security Rulings. The Court agrees with the Magistrate Judge that no error resulted from the ALJ's determination that the VA disability rating assigned to Plaintiff was not binding upon the Social Security Administration.

Having reviewed the record, the Court concludes that the Magistrate Judge carefully and accurately applied the governing law to the ALJ's decision and properly determined that the decision is supported by substantial evidence and is not erroneous. Plaintiff's objections to the Report and Recommendation do not compel reversal of that decision. Accordingly, the Report and Recommendation [Doc. No. 21]is ADOPTED. The Commissioner's decision denying Plaintiff's claim for benefits is AFFIRMED.

IT IS SO ORDERED this _28th_ day of March, 2008.

_____

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE